UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
*Miami Division*

In re:

FAR & WIDE CORPORATION, *et al.*,

Debtors.

Case No. 03-40415-BKC-RAM
Chapter 11 Proceedings
Jointly Administered with:
Case No. 03-40416-BKC-RAM
Case No. 03-40417-BKC-RAM
Case No. 03-40418-BKC-RAM
Case No. 03-40419-BKC-RAM
Case No. 03-40420-BKC-RAM

**ORDER ON HOLLAND & KNIGHT LLP'S
FINAL FEE APPLICATION**

**THIS CAUSE** came before the Court on Monday, November 21, 2005, at 9:30 a.m., upon the Final Application For Compensation Of Holland & Knight, LLP, Counsel for the Debtors (the "Fee App") filed by Holland & Knight LLP ("H&K"), counsel to Far & Wide Corporation and Far & Wide Travel Corporation, debtors and debtors-in-possession in the above captioned Chapter 11 cases (collectively, "Far & Wide" or the "Debtors[1]"). The Fee App sought all fees held back in prior applications in the amount of $286,283, along with additional fees of $105,812 and costs of $6,392 for the final period (August 1, 2004 through June 1, 2005) for a total of $112,204 (the fees sought for the final period were reduced by $30,000 pursuant to an agreement reached in response to an objection filed by the U.S. Trustee), hence the Fee App sought a total award of $368,488 (together, for ease of reference, the "Fees").

---

[1]    The Debtors are: Far & Wide Corporation, Far & Wide Travel Corporation, African Travel, Inc., Adventure Centers, Inc., Travel Media Services, Inc. and Far & Wide International, Inc.

Cases No. 03-40415 et al.
Order Granting Final Fee App of Holland & Knight, Counsel to Debtors
Page 2 of 3

The U.S. Trustee objected to the Fee App, and its objection was resolved and withdrawn. No other party objected to the Fee App. The Court finds and determines that notice of the Fee App was sufficient and appropriate.

The Court having considered H&K's Fee App, the representations at the hearing, the record in these cases, and being otherwise duly advised in the premises, it is

**ORDERED** and **ADJUDGED** as follows:

1. The Fee App is granted. The Fees are allowed as compensation pursuant to 11 U.S.C. §331 in the total amount $368,488 (the "Allowed Amount").

2. In accord with the agreement(s) of the parties in the Plan and as announced on the record, H&K shall be paid the amount of $76,000 immediately from the funds held by the chapter 11 trustee. The remaining unpaid Fees of $292,488 shall be treated as an allowed chapter 11 administrative claim in accordance with the Plan and the Bankruptcy Code.

3. The Liquidating Trust shall not utilize the funds received from the initial funding of the trust in payment of the $292,488 unpaid fees described in paragraph 2.

4. In allowing the foregoing Fees and Costs, this Court has considered the criteria specified in 11 U.S.C. §§ 328, 330 and 331 and the requirements of Rule 2016, Federal Rules of Bankruptcy Procedure, in light of principles stated in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Blum v. Stenson</u>, 465 U.S. 886, 897 (1984); <u>Pennsylvania v. Delaware Valley</u>

Case 03-40415-RAM    Doc 1285    Filed 12/05/05    Page 3 of 3

Cases No. 03-40415 et al.
Order Granting Final Fee App of Holland & Knight, Counsel to Debtors
Page 3 of 3

Citizens' Council for Clean Air, 478 U.S. 546 (1986); Norman v. Housing Authority of Montgomery, 836 F. 2d 1292 (11th Cir 1988).

**DONE** and **ORDERED** in the Southern District of Florida on this 2nd day of Dec. 2005.

**ROBERT A. MARK**
Chief U.S. Bankruptcy Judge

Copies furnished to:
David R. Softness, Esq.
[Attorney Softness is directed to immediately serve a conformed copy of this Order upon all parties.]

# 3402151_v1